UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDY LYNN ZAJAC,

    Plaintiff,

v.                          Case No.:  8:22-cv-1358-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Wendy Lynn Zajac seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

**C.   Procedural History**

Plaintiff applied for supplemental security income benefits on February 18, 2020, alleging disability beginning on March 1, 2014. (Tr. 94, 203-11). The application was denied initially and on reconsideration. (Tr. 94, 113). Plaintiff

requested a hearing and on January 20, 2021, a hearing was held before Administrative Law Judge ("ALJ") William G. Reamon. (Tr. 26-65). On April 20, 2021, the ALJ entered a decision finding Plaintiff not under a disability since February 18, 2020, the date the application was filed. (Tr. 11-21).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on April 25, 2022. (Tr. 2-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on June 14, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 14).

### D.     Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 18, 2020, the application date. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments: "headaches and degenerative disc disease of the cervical spine. ' (Tr. 14). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 16).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except she can never climb ladders, ropes, or scaffolds. She can frequently climb ramps and stairs, balance, stoop, kneel, crouch, or crawl. She can have no exposure to unprotected heights or dangerous moving machinery. She can perform no commercial driving.

(Tr. 16). At step four, the ALJ found Plaintiff was capable of performing past relevant work as a flight attendant as actually performed by Plaintiff. (Tr. 20). The ALJ also found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 20). The ALJ concluded that Plaintiff had not been under a disability from since February 18, 2020, the date the application was filed.

## II. Analysis

On appeal, Plaintiff raises four issues:

(1) Whether the ALJ erred in finding Plaintiff could perform her past relevant work as a flight attendant as actually performed;

(2) Whether the ALJ erred in finding Plaintiff had mild limitations in all four broad areas of mental functioning but failed to include any restrictions in the RFC for these limitation;

(3) Whether the ALJ erred in failing to reflect Plaintiff's need for a companion animal in the RFC and hypothetical to the vocational expert; and

(4) Whether the ALJ erred in finding Plaintiff could perform her past relevant work as actually performed because the RFC limited Plaintiff to light work, defined as including standing or walking for approximately 6 hours, whereas the record showed Plaintiff stood or walked more than 6 hours in a workday.

(Doc. 18, p. 4, 12, 17, 20).

### A. Past Relevant Work

Plaintiff argues that the ALJ improperly adopted a prior ALJ's determination that Plaintiff could return to her past relevant work as a flight attendant as actually performed without taking a fresh look at the new and material evidence postdating the prior decision. (Doc. 18, p. 4-12).

At the outset of the decision, the ALJ noted that Plaintiff filed a prior application that resulted in an unfavorable October 7, 2019 decision. (Tr, 11). The ALJ then determined that absent a finding of evidence of improvement or deterioration, a subsequent ALJ is "bound by the findings of a previous Administrative Law Judge," relying on *Dennard v. Sec'y of Health & Hum. Servs.*, 907 F.2d 598 (6th Cir. 1990) *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), and Acquiescence Rulings ("AR") 98-3(6) and 98-4(6). (Tr. 11). He then found, "no new and material evidence exists pertaining to the current period of adjudication that would provide a basis for finding a different residual functional capacity from the previously adjudicated period." (Tr. 11).

Both parties cite *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018), a more recent decision that explains the preclusive effect, if any, of a prior decision. In *Earley*, the plaintiff applied for disability benefits, was denied, and applied again for a new period of time. *Id.* at 930. The administrative law judge denied the plaintiff

benefits on the second application, finding that *Drummond* "required him to give preclusive effect to the work-capacity finding" in the prior decision absent new and material evidence showing a change in the plaintiff's condition. *Id.* The district court reversed the administrative law judge's decision on the grounds that the res judicata principles announced in *Drummond* only apply when they favor an individual and not the government. *Id.* The Sixth Circuit disagreed, reversed the district court's decision and remanded the action.

In *Earley*, the Court explained that the key principles protected by *Drummond* were consistency between proceedings and finality with respect to resolved applications. *Id.* at 931. In sum, a later administrative law judge may consider the findings of an earlier administrative judge to strive for consistent decision making. *Id.* at 934. But "[a]t the same time, they do not prevent the agency from giving a fresh look to a new application containing new evidence or satisfying a new regulatory threshold that covers a new period of alleged disability while being mindful of past rulings and the record in prior proceedings." *Id.* at 931.

At the hearing on her first application, Plaintiff responded to the administrative judge's question on lifting as a flight attendant by stating: "'It was around 10 to 15 pounds....Maybe under 10. No, it was above 10. It was probably 15 to 20.'. . . The VE testified that the job title of flight attendant is classified by the Dictionary of Occupational Titles as medium work but, considering Plaintiff's

testimony, she performed it as light work." *Zajac v. Comm'r of Soc. Sec.*, No. 1:20-CV-135, 2021 WL 1169466, at *5 (W.D. Mich. Mar. 29, 2021). On appeal of this first decision, Plaintiff argued that she misunderstood the question on the lifting requirements of the job, and she actually lifted 25 to 50 pounds frequently *Id.* at *6, The district court found that nothing in the transcript showed Plaintiff misunderstood the question, and neither Plaintiff nor her counsel requested clarification from the ALJ or moved to amend the information from the hearing. *Id.* at *6. The district court concluded that substantial evidence supported the ALJ's step-four finding that Plaintiff was capable of performing her past relevant work as a flight attendant as she actually performed it at the light level. *Id.*

The issues here are whether Plaintiff presented new and material evidence on the later application as it pertains to the lifting requirements of Plaintiff's past relevant work as a flight attendant, and if so, whether the ALJ gave a fresh look at the new application. At the start of the hearing, before any testimony, the ALJ stated, "There is a past decision and there were past work findings made. I guess the only past work that was found in the case [was that of flight attendant], and it's my intention to adopt Judge Grit's findings on past work here today." (Tr. 31). Even though at the hearing Plaintiff's representative raised an issue about the past relevant work findings from the first application, the ALJ stated he did not intend to disturb Judge Grit's findings on past relevant work requirements. (Tr. 31). Plaintiff's

representative asked to allow Plaintiff to testify about the lifting requirements of the job. (Tr. 31-32). The ALJ then stated, "Well, as I said, the finding is in the decision and the decision, as far as I know, has not been, you know, reversed or impacted on appeal. So if you want to ask questions about that, I guess you can do that, but I am not going to change that finding. So that's my stance on that issue." (Tr. 32).

At the hearing, Plaintiff testified that at the prior hearing, she testified that she lifted up to 20 pounds, but this testimony was incorrect. (Tr. 45). She explained that she lifted suitcases that were over 50 pounds on every flight to help passengers put them in the overhead bins or carry them down the aisles to the back or front of the plane to find room for the bags. (Tr. 45-47).

At step four and based on *Denard* and AR 98-3(6), the ALJ adopted the prior ALJ's findings that Plaintiff's past relevant work as a flight attendant was performed at the medium level per the DOT, but actually performed at the light level. (Tr. 20). The ALJ relied on the above law in considering the requirements – specifically the lifting requirements – of Plaintiff's past relevant work as a flight attendant. (Tr. 20). The ALJ acknowledged that the prior decision provided little discussion of Plaintiff's past work as a flight attendant, "but the decision provided the classification based on a vocational experts review of the evidence and the claimant's testimony at hearing." (Tr. 21). The ALJ also noted that Plaintiff's representative raised an issue about the prior ALJ's past relevant work findings and

requested the present ALJ to make new findings. (Tr. 20). The ALJ determined that "there is no evidence to contradict the prior finding regarding past relevant work." (Tr. 20). The ALJ then acknowledged that Plaintiff reported in a Work History Report and a Disability Report that her job duties included walking and standing 11 hours and sitting one hour, lifting up to 50 pounds and frequently lifting 25 pounds, and stooping or kneeling two hours, but made no comment on this evidence or Plaintiff's testimony supporting it. (Tr. 20).

Under *Early*, the ALJ was permitted to but not required to adopt the prior ALJ's past relevant work requirements "absent new and additional evidence." *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 933 (6th Cir. 2018). The prior ALJ found the job of flight attendant as Plaintiff performed it required work at the light exertional level, based on Plaintiff's testimony at the first hearing. At the hearing on the later application and before Plaintiff could present testimony, the ALJ had already decided that he would adopt the prior ALJ's past relevant work requirements. (Tr. 31). And even after Plaintiff's representative told the ALJ that Plaintiff would be testifying about different lifting requirements, the ALJ stated that Plaintiff could present the testimony, but "I'm not going to change that finding." (Tr. 32). From the transcript, it appears that the ALJ had decided to adopt the prior ALJ's past relevant work requirements even before hearing the testimony.

During the hearing, Plaintiff corrected her prior testimony and testified that the lifting requirement was over 50 pounds. (Tr. 45-47). The ALJ then found no evidence that contradicted the prior findings on past relevant work. (Tr. 20). He also concluded without analysis that he found "no significant new and material evidence to justify not adopting the past relevant work findings from the previously adjudicated time period." (Tr. 21). But Plaintiff's testimony clearly contradicted the prior lifting requirements. Further, the ALJ never explained why this testimony was not new and material evidence. The ALJ failed to provide sufficient reasoning for the Court to conduct a meaningful review and determine whether substantial evidence supports his decision to adopt the prior ALJ's past relevant work findings. *See Morrison v. Comm'r of Soc. Sec.*, 660 F. App'x 829, 834 (11th Cir. 2016) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review."). Thus, this matter requires remand to determine whether Plaintiff is capable of performing her past relevant work as a flight attendant.

### B.     Remaining Issues

Plaintiff also raises issue about restrictions in the RFC for any mental limitations, failure to include the need for a companion animal, and the standing and walking requirements of her past relevant work. (Doc. 18, p. 12, 17, 20). These issues impact the RFC and the ability of Plaintiff to return to her past relevant work,

Because this case is being remanded, the Court will direct the Commissioner to reconsider these issues as well.

### III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded to reconsider Plaintiff's RFC and past relevant work requirements. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 7, 2023.

*[Signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties